IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD D. VAUGHAN, | |
| Plaintiff, | |
| v. | Civil Action No.: PJM-22-407 |
| WARDEN JEFF NINES, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

Donald D. Vaughan, an inmate incarcerated at North Branch Correctional Institution in Cumberland, Maryland ("NBCI"), acting pro se, has filed suit pursuant to 42 U.S.C. § 1983, alleging that the conditions of his confinement are unconstitutional under the Eighth Amendment to the United States Constitution. ECF No. 1. He brings this action against former Maryland Governor Larry Hogan; Jeff Nines, the Warden North Branch Correctional Institution[1]; the Commissioner of Corrections; the Assistant Warden of North Branch Correctional Institution; and the Chief of Security of North Branch Correctional Institution.

On August 1, 2022, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF Nos. 9, 10. In addition to his Opposition, filed on August 22, 2022 (ECF No. 17), Vaughn has made numerous filings, including three motions to appoint counsel (ECF Nos. 16, 18, 24).[2]

---

[1] On September 19, 2022, Vaughn filed a Motion for Leave to File an Amended Complaint, which states that since filing his Complaint he has determined that the NBCI Warden is Jeff Nines. ECF No. 19. The Motion will be granted and the docket shall be amended to reflect that Defendant Warden-NBCI is Warden Jeff Nines. Further, the Court takes judicial notice of the fact that Larry Hogan is no longer Governor of Maryland and has been succeeded by Wes Moore. Moore will be substituted as a Defendant in place of Hogan.

[2] Vaughn's other filings consist of declarations, medical records, internal grievances, and other correspondence labeled as supplements. ECF No. 20-22, 28-29.

The Court has reviewed the pleadings and will resolve the motions without a hearing. Local Rule 105.6 (D. Md. 2021). For the reasons stated below, Defendants' Motion will be **GRANTED IN PART** and **DENIED IN PART** and Vaughn will be directed to file an amended complaint.

### I.   BACKGROUND

All facts are construed in the light most favorable to Vaughn as the non-moving party. He states that the conditions at NBCI are "unfit for human habitation;" that the food is insufficient and "unsanitary;" that the institution is "fraught with tension and violence;" and that health care is inadequate. ECF No. 1 at 2. According to Vaughn, at the core of this case is a lack of resources allocated to prison administration. ECF No. 1-1 at 1. He states that due to the inadequacy of resources devoted to the operation of prisons "within limits of decency," he and other inmates have experienced issues with respect to lighting, heat, plumbing, ventilation, noise, recreation space, vermin and insect infestation, unsanitary showers, and safety, as well as a lack of access to basic needs such as clothing, bedding, exercise, recreation, and medical care. *Id.* at 2. Vaughn specifically alleges that there is black mold on the shower walls; that the ventilation systems have not been cleaned; and that surfaces have not been disinfected. *Id.* Additionally, he says, overcrowding is increasing physical and mental health risks; decreasing access to essential services; limiting opportunity to participate in rehabilitative programs; diminishing privacy; and exacerbating tension, anxiety, and fear. *Id.*

Vaughn also contends that inmates in administrative segregation must use showers which are unsafe due to black mold, bug infestations, and chipping paint. ECF No. 17 at 4-5. He avers that Defendants are aware of all of the alleged conditions and that their inaction is part of a larger pattern of misconduct. *Id.* at 1-2, 3-4. He suggests that between June 8, 2021, and July 7, 2022,

Defendants were aware of the alleged conditions and resulting injuries to inmates, but chose not to provide adequate medical treatment or address the issues. *Id.* at 8 (Vaughan Decl.). Moreover, Vaughn states that the cleaning supplies provided to inmates are "watered down more than once," making them ineffective. *Id.* at 9. He attaches grievances from several inmates regarding the ventilation system and their inability to access necessary medical treatment. *See* ECF No. 17-1.

Vaughn submits that he has developed an obsessive compulsive disorder due to the unsanitary showers and poorly ventilated cells and has experienced anxiety, sinus problems, headaches, fatigue, itchiness, sneezing, chest pain, vomiting, and emotional distress. ECF No. 17 at 5, 6. He states that he and other inmates have suffered serious injury as a result of these conditions but are consistently denied or delayed access to medical providers so their injuries are healed by the time they see a provider. *Id.* at 6. He asks for both injunctive and monetary relief. ECF No. 1 at 3.

## II.     DEFENDANTS' DISPOSITIVE MOTION

Defendants assert that (1) sovereign immunity precludes claims against Defendants in their official capacities, (2) Vaughn cannot establish supervisory liability against Defendants, and (3) he cannot establish a claim for cruel and unusual punishment based on the conditions of his confinement at NBCI. ECF No. 9-1.

### A. Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the

elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Motions styled in this manner

4

implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because Defendants filed their Motion as a motion to dismiss, or in the alternative, for summary judgment, Plaintiff was on notice that the Court could treat the motion as one for summary judgment and rule on that basis. However, since Defendants have submitted no materials beyond the pleadings for the Court's consideration, the Court will review Vaughn's Complaint solely under the Rule 12(b)(6) motion to dimiss standard.

The Court is mindful that Vaughn is self-represented. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**B. Discussion**

    a. <u>Eleventh Amendment Immunity</u>

Defendants assert that any claims brought against them in their <u>official</u> capacities are barred by the Eleventh Amendment to the U.S. Constitution. ECF No. 9-1 at 2-3. The Court agrees.

Under the Eleventh Amendment a State, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Supreme Court has explained: "Although by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suit for damages by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (collecting cases); *see Pense v. Md. Dep't of Public Safety and Correctional Services*, 926 F.3d 97, 100 (4th Cir. 2019) ("The Supreme Court 'has drawn on principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). And, of relevance here, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Accordingly, the Court holds that the individual Defendants, in their official capacities, are immune from suit for monetary damages under 42 U.S.C. § 1983. In contrast, the Eleventh Amendment does not bar Vaughn's request for prospective injunctive relief. *See Biggs v. N.C. Dep't of Public Safety*, 953 F.3d 236, 242 (4th Cir. 2020) (explaining that the *Ex parte Young* exception to Eleventh Amendment sovereign immunity "permits a federal court to issue prospective, injunctive relief against a state officer to prevent

6

ongoing violations of federal law.") (quoting *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010)).

### b. Conditions of Confinement

Defendants assert that Vaughn's "dissatisfaction" with the alleged conditions does not rise to the level of a constitutional violation. ECF No. 9-1 at 7, 8. Specifically, they contend that he has failed to allege a serious physical or emotional injury or that Defendants knew of any of the allegedly unconstitutional conditions. *Id.* at 8-9.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In order to establish the imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

The objective prong of a conditions claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or

7

demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011).

To establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference in that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 302-03 (applying the deliberate indifference standard to conditions of confinement claims). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

The Court understands the Complaint to be challenging the overall conditions of confinement at NBCI. However, the Supreme Court has held that "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson*, 501 U.S. at 305. Even so, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets." *Id.* at 304. Similarly, overcrowding in conjunction with unsanitary or dangerous conditions may constitute an Eighth

Amendment violation if an identifiable human need is being deprived. *See Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991) (citing *Wilson*, 501 at 304).

Considering Vaughn's *numerous* filings as a whole, the Court holds that he has at least stated a colorable claim to the effect, that beginning June 8, 2021 Defendants were aware of the deleterious conditions he challenges and did nothing to address them. Specifically, Vaughn states that black mold, bug infestations, dirty ventilation systems, inadequate cleaning products, overcrowding, and the inability to access medical care, together, posed a risk to his health. *See also* ECF No. 20 (Vaughan Decl.) (noting cross contamination causing food poisoning, broken ventilation systems, bug and rodent infestations, lack of cleaning supplies, etc.). Vaughn bolsters his claims with several written grievances and requests that he filed related to the alleged conditions. *See* ECF No. 21 at 2, 3, 124; ECF No. 21-1 at 2, 20, 23-24. The Court finds Vaughn's allegations are sufficient to survive Defendants' Motion to Dismiss.

The Court is concerened, however, that since the filing of Defendants' Motion, Vaughn has submitted multiple additional filings beyond his opposition. He is creating an extremely unwieldy docket. The case has already grown to unreasonable proportions. As such, the Court will **GRANT** Vaughn thirty (30) days in which to condense his numerous submissions into a single amended complaint that shall not to exceed twenty-five (25) pages, excluding exhibits. Vaughn is advised that, in describing the offending conditions, he must state when and where he <u>personally</u> experienced them,[3] and the extent to which each of the named Defendants was aware of these

---

[3] Although Vaughn has filed numerous declarations of former and current prisoners at NBCI, *See* ECF No. 20, to the extent he seeks to pursue this action on their behalf, as things stand he cannot. He does not have standing to challenge allegedly unconstitutional conditions unless he himself has suffered a cognizable injury, unless he can show that he has some close relational tie with the third party he is seeking to protect, or the third party is unable to assert the right himself. *See Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (criminal defendant has third party standing to raise right of jurors not to be excluded on basis of race).

conditions and the actions or omissions of each Defendant which Vaughn believes demonstrate deliberate indifference on their part.[4] In particular, as for his allegations of overcrowding, Vaughn should include details describing the housing circumstances resulting in overcrowding and their consequences. Most importantly, Vaughn must show, to the best of his ability, how the alleged negative conditions, in combination, deprived him of an "identifiable human need." *Wilson*, 501 U.S. at 304. He must also describe the specific harm he suffered as a result of the alleged unconstitutional conditions and the precise relief he seeks from the Court.

Vaughn is advised that the amended complaint will replace the original complaint (and supplemental pleadings), since "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, the amended complaint must include all of the allegations against each of the Defendants.

Furthermore, following the filing of his amended complaint, Vaughn is directed that he may not file any further pleadings with the Court until Defendants have filed their response. Thereafter Vaughn may only file pleadings with the Court's prior permission.

---

[4] To the extent Vaughn seeks to hold Defendants responsible in their supervisory capacities due to a given pattern, or practice at NBCI, he must plead facts which demonstrate their tacit authorization or deliberate indifference. Generally, § 1983 does not impose liability on supervisors for the wrongdoing of their employees. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Rather, a supervisor may only be liable for the violations of their subordinates if the supervisor knew the subordinates engaged in conduct that posed an unreasonable risk of constitutional injury and failed to respond in such a manner that permits an inference of deliberate indifference or tacit authorization of their subordinates' bad acts. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

### C. PLAINTIFF'S MOTIONS TO APPOINT COUNSEL

In his three motions requesting the appointment of counsel, Vaughn asserts that he cannot afford to obtain counsel despite efforts to do so and that his imprisonment will greatly limit his ability to litigate the issues in this case. *See* ECF Nos. 16, 18, 24. A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[5] is discretionary, and may be exercised where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Having considered Vaughn's multiple filings, the Court finds that, as of now at least, he has the ability to articulate the legal and factual basis of his claims himself. At this point, then, Vaughn is hereby directed to go forward on his own and consolidate his claims. It is by no means certain that this case will survive a motion for summary judgment. For now, the Court finds no exceptional circumstances that warrant the appointment of an attorney to represent Vaughn under § 1915(e)(1). His Motions to Appoint Counsel will therefore be **DENIED WITHOUT PREJUDICE.**

---

[5] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

## D. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants, in their official capacities, are dismissed as to Vaughn's claims for monetary damages. Defendants' Motion is denied in all other respects. Vaughn shall be **GRANTED LEAVE** to file an amended complaint within thirty (30) days consistent with this Memorandum Opinion. A separate Order follows.

2/23/23
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE